Howell E. Jackson, Sp. J.,
delivered tbe opinion, of tbe court:
On tbe 18tb day of October, 1871, ~W. ~W. Humphreys and sister, Mrs. Jennie Scott, then a minor, and wife of James B. Scott* being tbe joint owners in fee of a certain lot of ground in tbe city of Memphis (fully described in tbe pleadings), subject to the. dower interest of their mother, Susan A. Holland (and tbe said Susan A. Holland "joins in a deed), in selling tbe property to Joseph Hainer for tbe price of $2,100.00. The deed executed by said parties to Hainer, after reciting tbe payment by him of $1,200.00 of the consideration, proceeds as follows: “And tbe balance of $900.00 to be paid on tbe 1st day of December, 1873,-on certain conditions,. to-wit: Whereas, Jennie Scott, one of tbe foregoing bargainors, is an infant under tbe age of twenty-one years, and has an undivided interest in tbe premises hereinafter described; and, whereas, she will reach her majority and the_ twenty-one years of age on tbe 22d day of November, 1873. Now, if tbe said Jennie Scott and ber husband, James B. Scott, *584 shall, after the 22d day of November, 1873, and before the 1st day of December, 1873, make, execute and deliver to the said Joseph Hainer a warranty deed of affirmance, affirming this deed and affirming and conveying unto the said Hainer, his heirs and assigns, their now title to the premises hereinafter described, then the said Hainer on the 1st day of December, 1873, is to pay to the said Jennie Scott on the delivery of the said deed the said sum of $900.00, with interest from this date at 10 per cent per annum, otherwise the said Hainer is discharged from further payment and for the consideration acknowledged paid in the execution of these presents, is to take such title £is he gets by this deed.” Mrs. Jennie Scott died on tire 23d day of October, 1873, before she attained her majority, without having executed to Hainer any deed of conveyance or affirmation, as above provided for, leaving an infant daughter, Bettie May Scott,. aged twenty-two months, surviving her. The complainant, W. W. Hum-phreys, having qualified as the guardian of this infant child of Mrs. Scott, on the 26th of January, 1874, filed this bill as such guardian in the chancery court of Shelby county against A. J. White, the administrator of Joseph Hainer (who died prior to the 1st of December, 1873), and B. D. Newport, who had become the purchaser of the property under and through said Hainer by conveyance' and proceedings not necessary to be noticed, seeking to have the entire lot sold for the payment of said sum of $900.0.0 and interest thereon since October 18th, 1871, which the bill claims was a lien on the property in favor of complainant’s ward, the said Bettie May Scott. There was also a prayer for general relief, James B. Scott, the father of said Bettie May Scott, joining with her guardian in the bill for the purpose of relinquishing and communi-eating to the said Bettie May any and all interests or rights he might have in the premises. . The defendants having answered, the cause was heard upon the pleadings, ex- *585 bibits and proof, and the chancellor decreed that the complainant, as guardian for said Bettie May Scott, recover of A. J. White, administrator of Joseph Iiainer, deceased, the sum of $1,113.10, being the amount of said $900.00 and interest to date of decree,-and ordered that if the same was not paid in thirty days, the whole lot should be sold by the clerk and master, after thirty days’ advertisement, without equity of redemption. From this decree defendant, A. J. White, administrator, and B,. D. Newport, appealed to this court.
We think the decree of the chancellor is erroneous upon either of the two constructions t-hat may be placed upon said deed of October 18, 1871. If that sale and conveyance was sufficient to pass the title to Mrs. Jennie Scott’s undivided share or interest in the property, and operated to confer upon her the exclusive right to said sum of $900.00, then we know of no principle' upon which she or her representative would be entitled to subject the whole property to the payment of the amount due on her undivided interest. What lien could she claim upon the interest of Mrs. Holland and W. W. Humphreys, which did pass by the deed? To meet this difficulty, complainants’ counsel say that the sale of the lot was in solido and that the whole is therefore bound for said balance of $900. If this were so, then Mrs. Holland and W. W. Humphreys, in his own' right, were necessary parties complainants; but-construing said deed of October 18, 1871, according to the manifest intentions of the parties, we are of opinion that only the shares or interest of William Holland and W. W. Humphrey were conveyed thereby; that the undivided interest of Mrs. Jennie Scott did not pass to Hamer by that conveyance. That as to her interest, said instrument by its terms and true meaning amounted to nothing more than a contract between her and her husband, and said Iiainer, that her interest should be conveyed to the latter, after she had attained her majority, at and for the *586 sum therein stipulated. That contract for a future conveyance, although properly executed by Mrs. Scott in connection with her husband, was not binding upon her, and did not operate to vest ITainer with even an equitable title to her undivided interest, as this court, in an unreported case, has decided. Having died without making that conveyance, neither Mrs. Scott’s personal representative nor her heirs at law has any claim upon Hainer, or his administrator, for the purchase money agreed to be paid when such conveyance should be made.
But under the prayer of the bill for general relief we think said Bettie May Scott, as the heir at law of her mother, and under the said James B. Scott’s relinquishment of all his rights and interests in her favor, should have a decree declaring her interest and title in said lot, with an account for rents as to said interest against Hamer’s administrator and Ii. I). Newport, and for partition or sale for partition as the nature and character of the property and the interest of said minor may determine. We are of opinion that the said Bettie May Scott has the title to an undivided half of said lot, with the present right of possession of an undivided one-third thereof, with the right to an account of rents on said one-third since October’ 18, 1871; that her right to the possession of one-half of Mrs. Holland’s dower interest will not accrue till the death of said dowress. The account for rent on said one-third to-which complainant has the right to present possession will be taken against defendant, R. D. Newport, since he took possession of the premises, and prior to that time against the administrator of Joseph Hainer. Said defendant, upon the taking of said account, will be allowed credit to extent of one-third for all taxes paid on said property.
The decree of the chancellor is accordingly reversed, and this cause is remanded to the first chancery court of Shelby county to carry into effect the judgment of the court as above directed.
*587 Tbe costs of tbis court, will be divided between complainants and defendants. Tbe costs of court below will be determined by that court.